Brinkerhoee, J.
In the district court the parties waived the intervention of a jury, and submitted the case to the court, for trial, upon what counsel agreed was the testimony given on the trial in the common pleas..
On the trial thus had in the district court, the court was requested by the plaintiff in error to “ rule,” or announce a certain legal doctrine or proposition; but the court refused so to “ rule,” and, on the contrary, “ held ” another and different doctrine. As there was no jury in the case to be charged, and either instructed or misled by the court, its holdings or rulings of the law, in the way of reasons for the judgment which it rendered, were, whether right or wrong, matter of entire indifference, provided that judgment, on the pleadings and evidence, was right. These rulings and holdings, therefore, can constitute no ground of error.
The twelfth section of the act of February 15,1858, “ prescribing the duties of supervisors, and relating to roads and highways ” (3 Curwen’s Sta±. 2134), and which is still in force, provides — “ That it shall be the duty of each and every supervisor to open, or cause to be opened, all public roads and highways which shall have been, or may hereafter be, laid out and established through any part of the district assigned to such *91 supervisor, and the same to keep in repair, and remove, or cause to be removed, all obstructions that may, from time to time, be found thereon,” etc.
The answer alleges that the road in question was sixty feet wide, and that the plaintiff had constructed fences from the outer extremities of the road inwardly to the bridge, which was about twelve feet wide. The evidence abundantly sustains the allegations of the answer in this respect. These fences were, prima facie, at least, obstructions of the road, and as such it was the official duty of the defendant, after due notice, and doing no unnecessary damage, to remove them. In addition to this, there was evidence on which the court below might well find that they were an actual and serious obstruction, especially to the passage of herds and droves.
The plaintiff in error insists, on the authority of the case of Wall v. The Buffalo Water Works Co., 18 N. York Rep. 119, that, under the issue in this case made by the plaintiff’s reply, it was incumbent on the defendant to prove, not only that the fences removed were an obstruction to the road, but that the road was a lawfully established highway. The case from New York above cited was decided by a divided court— two of the judges dissenting, and a third being absent at the hearing; and we are not prepared to say whether, in a case where it became necessary to determine the question of pleading there ruled, we should feel ourselves constrained to follow that decision or not. But, if we grant the correctness of that decision, and admit that it was incumbent on the defendant to show the lawful character of the highway obstructed, we think there was sufficient evidence bearing on that point to sustain the finding and judgment of the court below. A number of witnesses, and among others the plaintiff himself, who testified as a witness in the case, speak of the fences as being within the limits and bounds of the road; there was abundant evidence of its accustomed use as a public highway ; no question was made on the trial as to the lawfulness of the road; and we think the court, acting as the triers of the facts, were justifiable in presuming, in such a case, that the witnesses spoke of and meant a lawfully-established high *92 way. True — this parol testimony, bearing on the question of the lawfulness of the road, may have been incompetent, if objected to, as not being the highest evidence of which the subject was capable; but no such objection was made, and, therefore, its admission was no error.
Judgment affirmed.
Scott, C.J., and Sutliff, Peck, and Gholson, J.J., concurred.